# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CRAIG SERAFINO, WALTER TRIPP**,
and **MICHAEL J. SZYMANSKI**, on
behalf of themselves, and others similarly
situated

Case No.: _____

Hon. _____

      Plaintiffs,

v.

**CITY OF HAMTRAMCK**, and
**CATHY SQUARE**

      Defendants,

_____/

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

_____/

## <u>CLASS ACTION COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

There is no other civil action pending
in this Honorable Court or any other
Court arising out of the same
transaction and occurrence other than
the case referenced below in paragraph
31.

**NOW COME** Plaintiffs, Craig Serafino, Walter Tripp, and Michael J. Szymanski, on behalf of themselves and others similarly situated, by and through their attorneys, MILLER COHEN P.L.C., with their Class Action Complaint and Demand for Jury and state as follows:

## INTRODUCTION

1.    Plaintiffs are all retired police officers and firefighters previously in the employ of the City of Hamtramck. All members of the class retired on or after July1, 1986. Plaintiffs were engaged in dangerous and physically demanding professions. As is typical with police officers and firefighters, due to the nature of their jobs, retirement benefits take an increased importance in terms of their compensation package. All Plaintiffs were members of either a police officer or firefighter collective bargaining unit. Their respective unions bargained for retiree health care benefits from the time they retired as the nature of their jobs often require retiring at a younger age than the general population. They all retired under collective bargaining agreements that vested specific healthcare benefits from the time of retirement for the rest of the retirees' and their eligible family members' lives. On or about March 1, 2014, the City of Hamtramck, through legislative action cut those benefits to nearly half of the actuarial value of those that were contractually guaranteed. This was done under the supposed authority of Local Stability and

Choice Act (Public Act 436 of 2012). This action violates several provisions of United States Constitution.

## PARTIES

2.     Plaintiff Craig Serafino retired in 2010. Prior to retirement, he was a lieutenant in the Police Department. Prior to retirement, he was a member of the Hamtramck Ranking Officer Association. He is currently 53 years of age.

3.     Plaintiff Walter Tripp retired in 2011. Prior to retirement, he was a sergeant in the Police Department. Prior to retirement, he was a member of the Hamtramck Ranking Officer Association. He is currently 50 years of age.

4.     Plaintiff Michael J. Szymanski retired in 2010. Prior to retirement, he was a detective in the Police Department. Prior to retirement, he was a member of Hamtramck Fraternal Order of Police, Labor Council. He is currently 50 years of age.

5.     Defendant City of Hamtramck is a municipal corporation organized under the laws of the State of Michigan. The City of Hamtramck is located in the County of Wayne.

6.     Defendant Cathy Square is the appointed Emergency Manager for the City of Hamtramck. This action is brought against Defendant Square in her individual and official capacities.

## JURISDICITON AND VENUE

7.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8.    This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## CLASS ACTION ALLEGATIONS

9.    This action is brought by Plaintiffs on behalf of themselves and all other persons similarly situated, pursuant to Federal Rules of Civil Procedure, Rule 23(a) and 23(b)(1)(A) and (B)(2) and (3), whose joinder in this action is impracticable because the class is so numerous. Based on information and belief, there are over 100 members of the class.

10.   There are questions of law or fact common to the members of the class that predominate over questions of law or fact affecting only individual members. The questions of law or fact common to all members of the class are: they are all retirees that retired on or after July 1, 1986 from the City of Hamtramck and former members and their eligible family members of the police or firefighter collective bargaining units that had contractually guaranteed retiree health care insurance at a specific level from the time of retirement for the rest of the retirees' and their eligible family members' lives.

11.   The claims of the named Plaintiffs are for the entire class and are therefore typical of the claims of the class.

12.     Plaintiffs are similarly situated to the members of the proposed class and there is no reason to doubt that they will fairly and adequately protect the interests of the class.

13.     The maintenance of this action as a class action is superior to other available methods of adjudication in promoting the convenient administration of justice and in achieving a fair and efficient adjudication of the controversy in this matter because the prosecution of separate actions by or against individual members of the class would create a risk of (1) inconsistent or varying adjudications with respect to individual members of the class that would confront the Defendant with incompatible standards of conduct and (2) adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of other members of the class not parties to the adjudications or substantially impair or impede their ability to protect their interest because, in view of the complexity of the issues and the expense of litigation, the separate claims of the individual class members are insufficient in amount to support the prosecution of separate actions because the amount recoverable for each individual member would be insufficient to cover the costs of litigation.

## GENERAL ALLEGATIONS

14.     Since the late 1980's all agreements between the collective bargaining representatives of the City of Hamtramck police officers (Hamtramck Fraternal

5

Order of Police, Labor Council and the Hamtramck Ranking Officer Association) and the City of Hamtramck firefighters (Local 750, International Association of Firefighters, AFL-CIO, Hamtramck Firefighters Association) and the City of Hamtramck have included provisions for vested retiree healthcare benefits.

15.     Those benefits for those members of the collective bargaining units have uniformly provided that "[t]he City shall pay in full for the cost of medical, hospital, and surgical insurance (as more fully described in [the section stating the particular health care benefit]) for employees and eligible members of employees' families who retire on or after July 1, 1986 until that retired employee attains the age of sixty-five (65) or is eligible for medicare or medicaid."  This provision creates a contractually protected vested retiree benefit.

16.     The benefit that is provided is also stated with specificity; "[t]he City shall provide continuous medical, hospital and surgical insurance coverage equivalent to or better than Michigan Blue Cross and Michigan Blue Shield MVFC-2 coverage with a Master Medical Plan supplemented together with the prescription drug rider."

17.     Upon retirement, employees are given a document from the City of Hamtramck that states that their health care benefits continue and the "City's health care coverage will remain primary until you reach of the age of 65."

6

18.    After the retiree reaches the age of 65, the benefits are coordinated with Medicare and the benefits are continued at a similar level. The various contracts provide that the retirees, "shall be eligible and shall provide and pay the full cost of supplemental insurance to Medicare, which is equivalent to or superior to that offered by and through Blue Cross-Blue Shield of Michigan."

19.    The vested benefits to which a member of the collective bargaining unit is entitled is established by the collective bargaining agreement at time of his or her retirement. Consistent with the applicable labor laws, the respective collective bargaining representatives do not represent members of the collective bargaining unit once they retire. Accordingly, at the time of retirement, the collective bargaining rights become individual contractual rights of the retiree for which the collective bargaining representatives do not have the right to negotiate on behalf of the retirees.

20.    Based on the guarantees of these vested benefits, the individual members financially plan for their retirement and make irrevocable decisions regarding their retirement.

21.    In order to obtain these retirement benefits, the collective bargaining unit forego other, more immediate, wages and benefits in exchange for the long-term security.

22.    From the late 1980's to 2013, the City of Hamtramck has implemented changes to the retiree health care. These changes were not challenged because the

7

retirees determined that they were equivalent or better than the plan referenced in the contracts or were too insignificant to warrant substantial litigation.

23.     On or about July 1, 2013, Defendant Cathy Square was appointed by Michigan Governor Rick Snyder as the Emergency Manager of the City of Hamtramck. She is given her authority pursuant to Local Stability and Choice Act (Public Act 436 of 2012) (hereafter "PA 436").

24.     The Michigan Legislature had passed and Governor Snyder signed a nearly identical law ("PA 4") that was repealed by the citizens of Michigan via referendum in November 2012. Undeterred by the stated desires of the electorate, in December 2012, Governor Snyder signed PA 436 into law, which was nearly identical to PA 4. However, PA 436 contained a relatively small spending provision, which inoculated the law from another referendum.

25.     On or about January 29, 2014, Defendant Square issued Order S-008, which terminated the contractual provisions of various collective bargaining agreements that provide for retiree health care. In the Order, she relied on section 12(K) of PA 436 to take this action.

26.     Defendant Square's claim of authority from section 12(K) of PA 436 was misplaced. Section 12(K) of PA 436 provides that an Emergency Manager may only terminate a provision of an existing collective bargaining agreement once he or she has meet and conferred "with the appropriate bargaining representative."  The

8

Emergency Manager must determine from those meetings that "a prompt and satisfactory resolution is unlikely to be obtained."

27.    Allegedly, Defendant Square met with representatives from the respective police and fire unions. As these unions do not have the statutory or legal authority to represent retirees, they are not the representatives or agents of the retirees. The only bargaining representative of the retirees is the individual retirees or someone to whom they have granted authority to represent them. Accordingly, Defendant Square did not satisfy the statutory requirement that she meet and confer with the appropriate bargaining representative of Plaintiffs.

28.    Defendant Square made no attempt to meet with Plaintiffs prior to issuing Order S-008.

29.    Moreover, the authority to alter collective bargaining agreements only extends to "existing collective bargaining agreements" under Section 12(k) of PA 436. Therefore, she only has the statutory authority to terminate or modify collective bargaining agreements that are currently in force. At most, this would only allow her to modify or terminate the retiree health care provisions of the collective bargaining agreements that where in force at the time. Instead, she modified every collective bargaining agreement that had ever existed or at least existed since the late 1980's when she modified and terminated the vested retiree benefits for all retirees, regardless of what collective bargaining agreement provided the vested right to

retiree health care. Moreover, those that had already retired under the current collective bargaining agreement, have an individual contract right to vested retirement health care, not a collective bargaining agreement subject to termination or modification under PA 436.

30.     On or about March 1, 2014, Defendant Square implemented, without the consent of Plaintiffs, a dramatic change to their health insurance benefits. In summary of the material changes, the retirees would now be subject to $2,000 for single coverage deductibles and $4,000 for two person or family coverage deductible. Also, the prescription coverage for brand name drugs was increased by $30 per prescription. Other out-of-pocket expenses were also increased. Coverage for some medical services was eliminated altogether. Previously, the City annually contributed to a Health Savings Account or Health Reimbursement Account to cover some or all of the out-of-pocket expenses of previous health care plans. These contributions were eliminated. This alone creates an increase of up to $4,000 in out-of-pocket expenses.

31.     On or about January 10, 2014, the Hamtramck Police and Fire Retiree Association filed a Complaint in Wayne County Circuit Court alleging breach of contract. The case number is 14-000316-CZ.

32.     The effect of these changes has been thousands of dollars in increased out-of-pocket costs to retirees, where many are on a fixed income and did not include

10

such costs in their retirement planning. Many retirees are forced to make difficult and irrevocable decisions between forgoing the medical treatment that they or their family members may need and maintaining the basic necessities of life.

## COUNT I

### 42 U.S.C. § 1983 – VIOLATION OF THE CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION

33.    Plaintiffs repeat and re-allege all the preceding paragraphs as if fully set forth.

34.    At all times relevant hereto, Defendants and its agents and employees were individuals acting under color of State law.

35.    At all times relevant hereto, Plaintiffs and the putative Class Members were "citizen(s) of the United States or other person(s) within the jurisdiction" entitled to bring suit under 42 U.S.C. § 1983.

36.    The Constitution of the United States provides that "[n]o State shall…pass any…law impairing the obligation of contracts." U.S. Const. Article I, Sec. 10, Cl. 1.

37.    The rights and protections of the Contracts Clause are fully applicable to state action. U.S. Const. Amendment XIV.

38.    The agreements to provide vested retiree health care benefits create enforceable contract rights within the meaning of the Contracts Clause.

39.     Under the retiree health care provisions of the various collective bargaining agreements, Defendant City of Hamtramck is contractually obligated to provide health insurance at a specific level of coverage and no lower.

40.     Defendant violated the Contract Clause of the United States Constitution when it took actions impairing its contractual obligations to vested retirees by unilaterally increasing the contribution rates for premiums, the co-payments and deductibles, and other modifications to the health care plan to which it was contractually bound.

41.     Acting under color of state statute, ordinance, custom and regulation, including the Defendant City of Hamtramck's policy or custom, Defendant Square and Defendant City of Hamtramck have caused the deprivation of rights, privileges or immunities secured by the Contracts Clause.

42.     Defendants' unilateral increase and modification of contribution rates, co-payments and deductibles diminish the benefit coverage and the contracts with these retirees and have no legitimate public purpose and/or constitute an abuse of power.

43.     The actions at issue substantially impair the provisions in Plaintiffs' contractual agreements.

44.     As a direct and proximate result of Defendant's actions, Plaintiffs sustained and will continue to sustain injury and damages, including but not limited, to the deprivation of their rights under the U.S. Constitution.

WHEREFORE, Plaintiffs respectfully request: (a) certification of this action as a class action under Fed. R. Civ. P. 23, (b) a declaration that Defendant's actions are unconstitutional, (c) permanent injunctive relief reinstating benefits consistent with Defendants' contractual obligations and preventing further irreparable constitutional injury and breaches of the parties agreements, (d) entry of judgment in Plaintiffs' favor in whatever amount Plaintiffs may be found to be entitled, plus interest, costs and attorneys' fees, and (e) any and all other relief to which Plaintiffs are found to be entitled.

## COUNT II

### 42 U.S.C. § 1983 – VIOLATION OF THE PROCEDURAL DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

45.     Plaintiffs repeat and re-allege all the preceding paragraphs as if fully set forth.

46.     The Constitution of the United States provides that no person "shall be deprived of life, liberty, or property, without due process of law…"   U.S. Const. Amendment V.

47.     The rights and protections of the Fifth Amendment are fully applicable to state action. U.S. Const. Amendment XIV.

13

48.     Plaintiffs have a vested contractual and constitutionally protected property interest in Defendant's compliance with its contractual obligations to continue providing the same retiree contribution rate, co-payments, deductible and benefits as provided in the various collective bargaining agreements and to have Defendants refrain from unilaterally altering and modifying retirees' contribution rates, deductibles, benefits and financial obligations as provided in the various collective bargaining agreements.

49.     Defendants do not have the right to unilaterally modify the contractual obligations without due process of law.

50.     Defendant substantially diminished Plaintiffs' vested contractual and constitutionally protected interests without notice and without an opportunity to be heard before the deprivation took place, thus, causing a forfeiture of property without due process in violation of the due process clause.

51.     Plaintiffs did not waive their right to adequate notice or the reasonable opportunity to be heard before being deprived of their vested contractual and constitutionally protected interest.

52.     Defendant's interest to deprive Plaintiffs without first providing notice and a reasonable opportunity to be heard are non-existent or minimal.

14

53.     As a direct and proximate result of Defendants' actions, Plaintiffs sustained and will sustain injury and damages, including but not limited, to the deprivation of their rights under the U. S. Constitution.

WHEREFORE, Plaintiffs respectfully request: (a) certification of this action as a class action under Fed. R. Civ. P. 23, (b) a declaration that Defendants' actions are unconstitutional, (c) permanent injunctive relief reinstating benefits consistent with Defendants' contractual obligations and preventing further irreparable constitutional injury and breaches of the parties agreements, (d) entry of judgment in Plaintiffs' favor in whatever amount Plaintiffs may be found to be entitled, plus interest, costs and attorneys' fees, and (e) any and all other relief to which Plaintiffs are found to be entitled.

## COUNT III

### 42 U.S.C. § 1983 – VIOLATION OF THE TAKINGS CLAUSE OF THE UNITED STATES CONSTITUTION

54.     Plaintiffs repeat and re-allege all the preceding paragraphs as if fully set forth.

55.     The Takings Clause of the Fifth Amendment to the United States Constitution, which applies to Michigan through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use without just compensation."

15

56.    The rights of the Plaintiffs to receive contractually guaranteed vested retiree health insurance at a specific level constitutes private property within the meaning of the Takings Clause.

57.    Defendants, acting under color of state law, have taken the private property of Plaintiffs without just compensation, in violation of the Takings Clause.

58.    WHEREFORE, Plaintiffs respectfully request: (a) certification of this action as a class action under Fed. R. Civ. P. 23, (b) a declaration that Defendants' actions are unconstitutional, (c) permanent injunctive relief reinstating benefits consistent with Defendants' contractual obligations and preventing further irreparable constitutional injury and breaches of the parties agreements, (d) entry of judgment in Plaintiffs' favor in whatever amount Plaintiffs may be found to be entitled, plus interest, costs and attorneys' fees, and (e) any and all other relief to which Plaintiffs are found to be entitled.

## COUNT IV

### VIOLATION OF 11 U.S.C. § 903, THE BANKRUPTCY CLAUSE AND THE SUPREMACY CLAUSE

59.    Plaintiffs repeat and re-allege all the preceding paragraphs as if fully set forth.

60.    Federal laws made pursuant to authority granted by express Constitutional authority are "the supreme law of the land" pursuant to the Supremacy

16

Clause of the United States Constitution. U.S. Const. art. VI, cl 2. Any conflicting state law is preempted.

61.   The Bankruptcy Clause of the United States Constitution grants Congress the authority to enact "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. VI, cl 2. Pursuant to this authority, Congress has enacted Title 11 of the United States Code.

62.   The federal Bankruptcy Code establishes a national, uniform system for the adjustment of municipal debts. 11 U.S.C. §903(1) provides; "a State law prescribing a method of composition of indebtedness of such municipality may not bind any creditor that does not consent to such composition."

63.   The Plaintiffs in this action did not consent to a reduction in their vested retiree health care benefits.

64.   The Plaintiffs are creditors of the City of Hamtramck.

65.   The actions taken by Defendants reducing the contractually protected retiree health care benefits, allegedly pursuant to the authority granted by PA 436, is an attempt to prescribe a method of the composition of the indebtedness of the City of Hamtramck without the consent of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request: (a) certification of this action as a class action under Fed. R. Civ. P. 23, (b) a declaration that Defendants' actions are unconstitutional, (c) permanent injunctive relief reinstating benefits consistent

17

with Defendants' contractual obligations and preventing further irreparable constitutional injury and breaches of the parties agreements, (d) entry of judgment in Plaintiffs' favor in whatever amount Plaintiffs may be found to be entitled, plus interest, costs and attorneys' fees, and (e) any and all other relief to which Plaintiffs are found to be entitled.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Robert D. Fetter
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, MI  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com

Dated: October 24, 2014

18

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CRAIG SERAFINO, WALTER TRIPP**,
and **MICHAEL J. SZYMANSKI**, on              Case No.: _____
behalf of themselves, and others similarly
situated                                      Hon. _____

      Plaintiffs,

v.

**CITY OF HAMTRAMCK**, and
**CATHY SQUARE**

      Defendants,
_____/

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com
_____/

## <u>DEMAND FOR TRIAL BY JURY</u>

      **NOW COME** Plaintiffs, Craig Serafino, Walter Tripp, and Michael J.

Szymanski, on behalf of themselves and others similarly situated, by and through

their attorneys, MILLER COHEN P.L.C., and hereby demand a trial by jury.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Robert D. Fetter
       Robert D. Fetter (P68816)
       Keith D. Flynn (P74192)
       *Attorneys for Plaintiffs*
       600 W. Lafayette Blvd., 4th Floor
       Detroit, MI  48226
       (313) 964-4454 Phone
       (313) 964-4490 Fax
       rfetter@millercohen.com
       kflynn@millercohen.com

Dated: October 24, 2014

2

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CRAIG SERAFINO, WALTER TRIPP**,
and **MICHAEL J. SZYMANSKI**, on                    Case No.: _____
behalf of themselves, and others similarly
situated                                            Hon. _____

      Plaintiffs,

v.

**CITY OF HAMTRAMCK**, and
**CATHY SQUARE**

      Defendants,

_____/

**MILLER COHEN, P.L.C.**
Robert D. Fetter (P68816)
Keith D. Flynn (P74192)
*Attorneys for Plaintiffs*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan  48226
(313) 964-4454 Phone
(313) 964-4490 Fax
rfetter@millercohen.com
kflynn@millercohen.com
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on *October 24, 2014*, I electronically filed the foregoing

document(s) with the Clerk of the Court using the ECF filing system which will send

notification of such filing to COUNSEL OF RECORD.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:   /s/Robert D. Fetter
      Robert D. Fetter (P68816)
      Keith D. Flynn (P74192)
      *Attorneys for Plaintiffs*
      600 W. Lafayette Blvd., 4th Floor
      Detroit, MI  48226
      (313) 964-4454 Phone
      (313) 964-4490 Fax
      rfetter@millercohen.com
      kflynn@millercohen.com

Dated: October 24, 2014