UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG SERAFINO, WALTER TRIPP, and
MICHAEL J. SZYMANSKI, on behalf of
themselves, and others similarly situated,

        Plaintiffs,

                                            Civil Case No. 14-14112
v.                                          Honorable Linda V. Parker

CITY OF HAMTRAMCK and CATHY SQUARE,

        Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs initiated this putative class action lawsuit against Defendants on October 24, 2014. In their Amended Complaint, filed November 12, 2014, Plaintiffs allege that by making changes to their retiree health care benefits, Defendants violated Plaintiffs' rights under the United States Constitution and breached contracts with Plaintiffs. On April 9, 2015, Plaintiffs filed a Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. (ECF No. 20.) That motion has been fully briefed. (ECF No. 23, 26.) The parties also have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56, to which response briefs have been filed. (ECF Nos. 35, 36, 44, 45.) " '[C]onsiderations of fairness and economy' " lead this Court to conclude that it

should decide the parties' cross-motions for summary judgment before engaging in the time-consuming inquiry into certification. *See Thompson v. Cnty. of Medina*, 29 F.3d 238, 240-41 (6th Cir. 1994) (quoting *Wright v. Schock*, 742 F.2d 541, 545-56 (9th Cir. 1984)); *see also Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984) ("It has never been doubted that a complaint asserting a class action could be dismissed on the merits before determining whether the suit could be maintained as a class action."); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (citing *Cowen v. Bank United of Texas*, 70 F.3d 937, 941 (7th Cir. 1995)) ("[A]lthough a certification decision will usually be 'practicable' before the case is ripe for summary judgment, that will not always be so, and the word 'practicable allows for wiggle room"-- enough to make the order of disposition of motions for summary judgment and class certification a question of discretion for the trial court.").

First, not all of the proposed class members retired under the same collective bargaining agreements ("CBAs"). Plaintiffs assert that all of the CBAs under which the proposed class members retired promised the same benefits for retirees, and they have filed excerpts from the various CBAs to demonstrate this point. In fact, however, the contract language is not identical. Moreover, the Court must evaluate the full instruments to ascertain the intent of the contracting parties with respect to the continuation of retiree health care benefits (including the duration

and scope of those benefits). *See M&G Polymers USA, LLC v. Tackett*, -- U.S. --, 135 S. Ct. 926, 937-38 (2015) (Ginsburg, J., concurring) (explaining that the " 'the intention of the parties' " is "gathered from the *whole* instrument. . . .") (emphasis added). As a result, until this Court fully evaluates the relevant agreements, it cannot assess whether all of the retirees in the proposed class in fact were promised the same retiree health care benefits. The Court is not able to evaluate the commonality and typicality requirements for class certification until it makes this assessment. Certainly, the Court will need to fully evaluate the relevant agreements to evaluate the parties' summary judgment pleadings. Thus it seems most efficient to start by doing so there.

Further, while Plaintiffs seek to include all retirees in the class, the CBAs provide different coverage for individuals under the age of sixty-five and those over sixty-five who are eligible for Medicare. It is not evident from the parties' pleadings with respect to class certification whether Defendants' challenged conduct impacts these two groups in the same way. Further, none of the named Plaintiffs are over sixty-five years old. Thus until the Court is satisfied that the two groups are similarly situated, it cannot conclude that their claims are common and typical or that the named Plaintiffs are adequate representatives of *all* putative class members.

Finally, Plaintiffs will suffer no prejudice if their motion for class certification is decided after the summary judgment motions. The named Plaintiffs' claims must survive summary judgment regardless of whether this case is certified as a class action. If the claims do survive, the Court will be better equipped to decide whether class certification is appropriate and, if so, which retirees are properly in the class. If summary judgment is granted in Defendants' favor, the absent class members will not be bound by the judgment, since no class was ever certified.

For these reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Class Certification is **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 23, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 23, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager